UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILLIP BLACKWOOD,

                              Plaintiff,

        v.

WESTCHESTER COUNTY *and*
PAROLE OFFICER COX,

                              Defendants.

---

No. 23-CV-1297 (KMK)

OPINION & ORDER

Appearances:

Phillip Blackwood
Valhalla, NY
*Pro se Plaintiff*

Loren Zeitler, Esq.
Westchester County Department of Law
White Plains, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

        Philip Blackwood ("Plaintiff"), proceeding pro se, brings this Action against Westchester

County and Parole Officer Cox (together, "Defendants") pursuant to 42 U.S.C. § 1983.  (S*ee*

*generally* Compl. (Dkt. No. 1).)  Before the Court is Defendants' Motion To Dismiss, or

alternatively, for summary judgment on the limited issue of whether Plaintiff exhausted his

administrative remedies.  (*See* Not. of Mot. (Dkt. No. 18).)  For the reasons discussed below,

Defendants' Motion is granted.

I.  Background

A.  Factual Background

The following facts are taken from Plaintiff's Complaint and are assumed to be true for the purposes of ruling on the instant Motion.  *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

Plaintiff alleges he was injured in a December 22, 2022, incident involving Officer Cox while serving time as a pre-trial detainee in the Westchester County Jail.  (*See* Compl. at 3–5; *see also* Letter from Philip Blackwood to Court (June 13, 2023) ("Pl's Letter") (Dkt. No. 10) (clarifying date of the alleged incident).)  According to Plaintiff, Cox was attempting to move Plaintiff to a cell without running water or a working toilet.  (*See* Pl's Letter at 1.)  In an attempt to "force" Plaintiff into the cell, Cox backed up and ran at Plaintiff, throwing him to the ground. (*Id*.)  The incident resulted in injuries to Plaintiff's back, jaw, and knee.  (Compl. at 5.)

Plaintiff alleges that he filed grievances in "Albany and Valhalla" regarding the incident and attaches an inmate grievance form.  (*Id*. at 7.)  The form lists the "Date/Time Submitted" as December 23, 2022, but lacks a signature from a receiving staff member, a grievance number, or a disposition.  (*See id*. at 14.)  Curiously, the form states that it was sworn to and notarized on January 26, 2023.  (*See id*.)[1]  Plaintiff has neither received a result, nor filed an appeal.  (*Id*.)

B.  Procedural History

Defendants sought leave to file the instant Motion on September 8, 2023, after which the Court set a briefing schedule in lieu of a pre-motion conference.  (*See* Letter from Loren Zeitler, Esq., to Court (Sept. 8, 2023) (Dkt. No. 14); Order (Dkt. No. 15).)  After an extension, (Dkt.

---

[1] While the full year is not visible on Plaintiff's scanned submission, 2023 is the only logical year the form could have been notarized.  The alleged incident occurred on December 22, 2022, and Plaintiff filed his Complaint on February 13, 2023.  (*See* Dkt.)

No. 17), Defendants filed the instant Motion on October 24, 2023.  (*See* Not. of Mot.; Mem. of Law in Supp. of Defs' Mot. ("Defs' Mem.") (Dkt. No. 20); Decl. of Loren Zeitler ("Zeitler Decl.") (Dkt. No. 19); Not. to Pro Se Litigant (Dkt. No. 21).)  Although he was served with Defendants' papers, (*see* Dkt. No. 22), Plaintiff did not file an opposition or otherwise respond, (*see* Dkt.).  At Defendants' request, the Court deemed the Motion fully submitted.  (Memo Endorsement (Dkt. No. 24).)

## II.  Discussion

### A.  Standard of Review

#### 1.  Rule 12(b)(6) Motion To Dismiss

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* (alteration adopted) (internal quotation marks and citation omitted).  Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570.  However, if a plaintiff has not "nudged [his] claim[ ] across the line from conceivable to plausible, the[ ]

complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[ ] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Protection Resources, Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).  But when a plaintiff proceeds pro se, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotation marks and citation omitted), including "documents that a pro se litigant attaches to his opposition papers," *Agu v.*

*Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted). Moreover, where, as here, a plaintiff proceeds pro se, the Court must "construe[ ] [his] [complaint] liberally and interpret[ ] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks and citation omitted). Notwithstanding a standard of review comparatively more lenient and favorable to pro se litigants, such treatment "does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics omitted) (internal quotation marks and citation omitted)).

### 2. Summary Judgment

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same) (quoting Fed. R. Civ. P. 56(a)). "In deciding whether to award summary judgment, the court must construe the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Torcivia v. Suffolk Cnty., New York*, 17 F.4th 342, 354 (2d Cir. 2021) (citation omitted); *see also Horror Inc. v. Miller*, 15 F.4th 232, 240 (2d Cir. 2021) (same). "It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *see also Red Pocket, Inc. v. Interactive Commc'ns Int'l, Inc.*, No. 17-CV-5670, 2020 WL 838279, at *4 (S.D.N.Y. Feb. 20, 2020) (same).

"However, when the burden of proof at trial would fall on the non[-]moving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the non[-]movant's claim," in which case "the non[-]moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (alteration adopted) (internal quotation marks and citation omitted); *see also U.S. Bank Nat'l Ass'n as Tr. for Reg. Holders of J.P. Morgan Chase Com. Mortg. Sec. Corp., Multifamily Mortg. Pass-Through Certificates, Series 2017-SB42 v. 160 Palisades Realty Partners LLC*, No. 20-CV-8089, 2022 WL 743928, at *3 (S.D.N.Y. Mar. 10, 2022) (same). Further, "[t]o survive a [summary judgment] motion . . . , [a non-movant] need[s] to create more than a 'metaphysical' possibility that his allegations were correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. Cnty. of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)); *see also Jennifer Fung-Schwartz, D.P.M, LLC v. Cerner Corp.*, No. 17-CV-233, 2023 WL 6646385, at *3 (S.D.N.Y. Oct. 12, 2023) (same), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (internal quotation marks and citation omitted).

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Seward v. Antonini*, No. 20-CV-9251, 2023 WL 6387180, at *12 (S.D.N.Y. Sept. 29, 2023) (quoting *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014)). "At this stage, 'the role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried.'"

6

*U.S. Sec. & Exch. Comm'n v. Amah*, No. 21-CV-6694, 2023 WL 6386956, at *8 (S.D.N.Y. Sept. 28, 2023) (alteration adopted) (quoting *Brod v. Omya*, 653 F.3d 156, 164 (2d Cir. 2011)). Therefore, "a court's goal should be 'to isolate and dispose of factually unsupported claims.'" *Id.* (quoting *Geneva Pharms. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986))).

When ruling on a motion for summary judgment, a district court should "consider only evidence that would be admissible at trial." *Latimer v. Annucci*, No. 21-CV-1275, 2023 WL 6795495, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998)). "Where a party relies on affidavits . . . to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated.'" *Mozzochi v. Town of Glastonbury*, No. 21-CV-1159, 2023 WL 3303947, at *3 (D. Conn. May 8, 2023) (quoting Fed. R. Civ. P.56(c)(4)); *see also DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (same).

As a general rule, "district courts may not weigh evidence or assess the credibility of witnesses at the summary judgment stage." *Martinez v. Pao's Cleaning, Inc.*, No. 16-CV-6939, 2018 WL 6303829, at *2 (E.D.N.Y. Dec. 3, 2018) (quoting *Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005)). However, although witness credibility is usually a question of fact for the jury, *Yu Zhang v. Sabrina USA Inc.*, No. 18-CV-12332, 2021 WL 1198932, at *3 (S.D.N.Y. Mar. 30, 2021), "[b]road, conclusory attacks on the credibility of a witness without more [are] insufficient to raise a genuine issue of material fact that would defeat a motion for summary judgment," *Sec. & Exch. Comm'n v. Airborne Wireless Network*, No. 21-CV-1772, 2023 WL 5938527, at *6 (S.D.N.Y. Sept. 12, 2023) (internal quotation marks and citation

omitted).  As such, "when opposing a motion for summary judgment, the non-moving party may not respond simply with general attacks upon the declarant's credibility, but rather must identify affirmative evidence from which a jury could find that the non-moving party has carried its burden of proof."  *Moritz v. Town of Warwick*, No. 15-CV-5424, 2017 WL 4785462, at *8 (S.D.N.Y. Oct. 19, 2017) (alterations adopted) (internal quotation marks and citation omitted); *see also Paul v. Postgraduate Ctr. for Mental Health*, 97 F. Supp. 3d 141, 181 (E.D.N.Y. 2015) ("'Although credibility assessments are improper on a motion for summary judgment,' a court may be justified in dismissing a claim when the 'plaintiff's version of the events is in such discord with the record evidence as to be wholly fanciful.'" (quoting *Pulliam v. Lilly*, No. 07-CV-1243, 2010 WL 935383, at *5 (E.D.N.Y. Mar. 11, 2010))).

B.  Analysis

Defendants contend that Plaintiff failed to exhaust his administrative remedies and that any state law claims pled in the Complaint should be dismissed for failure to file a notice of claim.  (Defs' Mem. 4–8, 10–11.)  The Court addresses each argument in turn.

1.  Exhaustion

a.  Exhaustion Framework

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has made clear that this "language is 'mandatory':  An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies."  *Ross v. Blake*, 578 U.S. 632, 638 (2016) (citation omitted); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA

and that unexhausted claims cannot be brought in court."); *Woodford v. Ngo*, 548 U.S. 81, 85

(2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

Moreover, the exhaustion requirement applies to "all inmate suits about prison life." *Porter v.*

*Nussle*, 534 U.S. 516, 532 (2002); *see also Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012)

(same). Although "failure to exhaust administrative remedies is an affirmative defense and

'inmates are not required to specially plead or demonstrate exhaustion in their complaints,'"

*Valde-Cruz v. Russo*, No. 20-CV-9240, 2024 WL 809903, at *5 (S.D.N.Y. Feb. 27, 2024)

(quoting *Pearsall v. Sposato*, No. 16-CV-6733, 2018 WL 1611385, at *2 (E.D.N.Y. Mar. 31,

2018)), "[d]ismissal for failure to exhaust is appropriate when 'on the face of the complaint, it is

clear that a plaintiff did not exhaust administrative remedies,'" *id.* (quoting *Abreu v. Schriro*,

No. 14-CV-6418, 2016 WL 3647958, at *8 (S.D.N.Y. July 1, 2016)).

The grievance program applicable here is the DOCCS Inmate Grievance Program

("IGP"), which provides for a "three-step grievance process." *Colon v. Annucci*, 344 F. Supp. 3d

612, 641 (S.D.N.Y. 2018). The Second Circuit has described the process as follows:

> To initiate the process, an inmate must file a written complaint with the Inmate
> Grievance Resolution Committee ("IGRC"), a facility committee composed of
> inmates and appointed staff members. *See* N.Y.C.R.R. § 701.4–.5. . . . Second, the
> inmate can appeal an unfavorable IGRC determination to the superintendent of the
> facility. *See* N.Y.C.R.R. § 701.5(c) . . . . Finally, an inmate can appeal an
> unfavorable superintendent's determination to the Central Office Review
> Committee ("CORC"). *See* N.Y.C.R.R. § 701.5(d)] . . . ; Directive No. 4040.

*Amador v. Andrews*, 655 F.3d 89, 96–97 (2d Cir. 2011); *see also Khudan v. Lee*, No. 12-CV-

8147, 2016 WL 4735364, at *1 (S.D.N.Y. Sept. 8, 2016) (describing the same three-step IGP

procedure). Only after completing all three steps of the IGP in a timely manner may an inmate

initiate suit, *see Ross*, 578 U.S. at 638–39, "provided no exception to exhaustion applies,"

*White v. Westchester Cnty.*, No. 18-CV-730, 2018 WL 6726555, at *6 (S.D.N.Y. Dec. 21, 2018).

Relevant here, the grievance process "must be completed before suit is filed." *Girodes v. City of New York*, No. 17-CV-6789, 2018 WL 3597519, at *4 (S.D.N.Y. July 26, 2018) (quoting *Burgos v. Craig*, 307 F. App'x 469, 470 (2d Cir. 2008) (summary order)); *see also Kasiem v. Switz*, 756 F. Supp. 2d 570, 575 (S.D.N.Y. 2010) ("When a prisoner fails to properly exhaust his administrative remedies before filing suit, the action must be dismissed."). "Completing the exhaustion requirements only after filing suit is insufficient." *Rayside v. City of New York*, No. 17-CV-4447, 2019 WL 1115669, at *2 (S.D.N.Y. Mar. 11, 2019) (alteration adopted) (quotation marks omitted). However, the PLRA "contains its own, textual exception to mandatory exhaustion." *Ross*, 578 U.S. at 642. As the Supreme Court has explained:

> Under [Section] 1997e(a), the exhaustion requirement hinges on the "availability" of administrative remedies:  An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones.  And that limitation on an inmate's duty to exhaust . . . has real content. . . .  [A]n inmate is required to exhaust those, but only those, grievance procedures that are "capable of use" to obtain "some relief for the action complained of."

*Id.* (alteration adopted) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

The Supreme Court has identified at least "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Id.* at 643.  First, "an administrative procedure is unavailable when . . . it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.*  Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.  In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* at 643–44.  Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

b.  Application

Defendants first contend that Plaintiff's lack of exhaustion is clear on the face of the

Complaint.  They argue that the lack of a receiving staff member's signature on Plaintiff's

grievance form is dispositive of Plaintiff having submitted a grievance, despite Plaintiff's

contrary allegation.  (Def's Mem. 4–5.)  In the alternative, they ask that their Motion To Dismiss

be converted into a summary judgment motion on the limited issue of exhaustion.  (*Id.* at 5.)

As to the initial argument, the Court is not convinced that the absence of a signature,

alone, renders nonexhaustion clear on face.  Indeed, several courts in the Second Circuit have

held that the lack of a signature is *insufficient* when coupled with allegations that a Plaintiff's

grievance was never filed.  *See, e.g.*, *Ford v. Aramark*, No. 18-CV-2696, 2020 WL 377882, at *5

(S.D.N.Y. Jan. 23, 2020) (finding nonexhaustion not clear despite unsigned grievances where

plaintiff stated in opposition that "the grievances were intentionally never filed" (alteration

adopted) (internal quotation marks omitted)); *Ferguson v. Bauers*, No. 08-CV-493S, 2013 WL

5295651, at *6 (W.D.N.Y. Sept. 18, 2013) ("The fact that plaintiff's copy of his grievance lacks

the signature of a clerk or a grievance number is insufficient to establish that the grievance was

not filed, especially in light of plaintiff's declaration that he submitted a grievance to the

grievance officer . . . ."); *cf. Morales v. Pallito*, No. 13-CV-271, 2014 WL 1758163, at *7 (D. Vt.

Apr. 30, 2014) (declining to address the question).  The rationale is that inmates have no way to

proceed if their grievance is not on the books or goes unanswered.  *See Williams v. Correction

Officer Priatno*, 829 F.3d 118, 124–26 (2d Cir. 2016).  To be sure, the Complaint lacks any

allegation that officers refused to file Plaintiff's grievance.  (*See generally* Compl.)

Nevertheless, it is hard to say that the lack of a signature rules out that circumstance as a matter

of law.

"Defendants correctly note, however, that . . . [w]here, as here, 'nonexhaustion is not clear from the face of the complaint, a defendant's motion to dismiss should be converted to one for summary judgment limited to the narrow issue of exhaustion . . . or whether exhaustion might be, in very limited circumstances, excused.'" *Hall v. Annucci*, No. 19-CV-5521, 2021 WL 4392526, at *10 (S.D.N.Y. Sept. 24, 2021) (quoting *Roland v. Smith*, 907 F. Supp. 2d 385, 388 (S.D.N.Y. 2012)); *see also Gottesfeld v. Anderson*, No. 18-CV-10836, 2020 WL 1082590, at *6 (S.D.N.Y. Mar. 6, 2020) (same); *McIntosh v. United States*, No. 14-CV-7889, 2016 WL 1274585, at *13 (S.D.N.Y. Mar. 31, 2016) (same).

"When converting a motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 12(d), notice to the parties is mandated, particularly when a pro se litigant is involved." *Hall*, 2021 WL 4392526, at *10 (quoting *Gottesfeld*, 2020 WL 1082590, at *6 ). Moreover, in the context of exhaustion under the PLRA, courts usually insist upon limited discovery before converting a 12(b)(6) motion into a motion for summary judgment. *Shaw v. Ortiz*, No. 15-CV-8964, 2016 WL 7410722, at *5 (S.D.N.Y. Dec. 21, 2016); *see also Lovick v. Schriro*, No. 12-CV-7419, 2014 WL 3778184, at *5 (S.D.N.Y. July 25, 2014) (observing that, "when converting a [m]otion to [d]ismiss into a [m]otion for [s]ummary [j]udgment under Fed. R. Civ. P. 12(d), notice to the parties is mandated, particularly when a pro se litigant is involved," and therefore "permit[ting] the parties to engage in limited discovery confined solely to the issue of administrative exhaustion" (italics omitted)); *Pratt v. City of New York*, 929 F. Supp. 2d 314, 319 (S.D.N.Y. 2013) (noting that the court could convert a motion to dismiss into one for summary judgment on the issue of PLRA exhaustion, but observing that, if it were to do so, "the parties would be entitled to an opportunity to take discovery and submit additional relevant evidence"). "Discovery is not necessary, however, when the facts regarding plaintiff's

efforts at exhaustion are not disputed, and it does not appear that any amount of discovery would change the outcome." *Gottesfeld*, 2020 WL 1082590, at *7 (citation, quotation marks, and brackets omitted).

Defendants have satisfied the requirements for conversion here. They provided sufficient notice pursuant to Local Rule 12.1, explaining that the Motion could be converted and that Plaintiff was required to provide "evidence, such as witness statements or documents" in response. (*See* Not. to Pro Se Litigant at 1.) *See Gottesfeld*, 2020 WL 1082590, at *3 n.6, *7 (collecting cases and allowing conversion based on a substantially similar notice). And discovery is unnecessary as none of the facts regarding Plaintiff's efforts at exhaustion is in dispute. *See Allah v. Adams*, 573 F. Supp. 3d 904, 911 (W.D.N.Y. 2021) (finding discovery unnecessary where plaintiff "had several opportunities to respond to the exhaustion argument" but failed to do so).

With the full record available, it is clear that Plaintiff did not file a timely grievance regarding the alleged incident. Defendants' systems, for starters, contain no record of such a grievance. (Zeitler Decl., Ex. B ("Azim Decl.") ¶¶ 12–13 (Dkt. No. 19-2); Azim Decl., Ex. B (a printout of Plaintiff's grievance records).) And the record rules out the possibility that Plaintiff submitted a timely grievance that was never filed. (*See supra* Section I.A.) Although the notarized grievance form attached to Plaintiff's Complaint contains a date submitted of December 22, 2022, Defendants present an affidavit from the notary who states that Defendant presented an *undated* copy of that same form to her on January 26, 2023—over a month after the incident occurred. (*See* Zeitler Decl., Ex. C ¶¶ 5–10 (Dkt. No. 19-3).) The fact that Plaintiff held on to the form to get it notarized is inconsistent with him having submitted it on December 22, 2022. And even if Plaintiff submitted the form after having it notarized—which again there

is no evidence of—it would have been well after his five-day deadline to grieve.  (*See* Azim Decl. ¶ 9; *see also id.*, Ex. A at 3(DOCCS grievance packet stating grievance would be denied when "submitted beyond 5 days of [the] act or occurrence").)  Additionally, the fact that Plaintiff successfully filed at least one other grievance around the same time, (*see* Azim Decl., Ex. B), undermines any notion that the process was unavailable to him, *see Hall v. Annucci*, No. 19-CV-5521, 2022 WL 3903255, at *7 (S.D.N.Y. Aug. 30, 2022) (collecting cases) ("Courts have repeatedly found that where a plaintiff has filed parallel grievances, he cannot plausibly argue unavailability, as filing the prior grievances demonstrates his familiarity with the procedures, as well as their availability."  (alteration adopted) (quotation marks omitted)); *see also Powell v. Schriro*, No. 14-CV-6207, 2015 WL 7017516, at *8 (S.D.N.Y. Nov. 12, 2015) (same).

Accordingly, Plaintiff has failed to exhaust his administrative remedies, and "Defendants are entitled to summary judgment on his claims."  *Gottesfeld*, 2020 WL 1082590, at *9 (granting summary judgment on converted motion where "any complaint [the plaintiff] could have made . . . would have been untimely"); *see also Edwards v. DeStefano*, No. 13-CV-4345, 2023 WL 6307341, at *7 (E.D.N.Y. Sept. 28, 2023) (adopting report and recommendation granting summary judgment where the plaintiff "had sufficient time to avail himself of [the facility's] grievance procedure and, based upon the record evidence, failed to do so").[2]

---

[2] Given Plaintiff's failure to exhaust, the Court need not address whether he adequately alleged municipal liability against Westchester County.  (*See* Defs' Mem. 8–10.)  *See also Johnson v. Koenigsmann*, No. 16-CV-6523, 2018 WL 3145762, at *1 n.2 (W.D.N.Y. June 27, 2018) ("Because the Court finds that Plaintiff failed to exhaust administrative remedies and dismisses the complaint on that basis, the Court need not address the other grounds for dismissal.")

2.  State Law Claims

The Complaint does not clearly allege any state law claims.  (*See generally* Compl.)  But to the extent it can be construed to plead any, Defendants are correct that those should be dismissed for failure to file a notice of claim against Defendants.

Under New York law, "as a condition precedent to bringing a claim against a municipality, a plaintiff must file a notice of claim within 90 days after her claim accrues." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-3157, 2020 WL 4505507, at *6 (S.D.N.Y. Aug. 4, 2020) (quoting *Russell v. Westchester Cmty. Coll.*, No. 16-CV-1712, 2017 WL 4326545, at *5 (S.D.N.Y. Sept. 27, 2017)); *see also* N.Y. Gen. Mun. Law § 50-k(6) ("No action . . . shall be prosecuted or maintained against the city . . . or an employee . . . unless [a] notice of claim shall have been made and served upon the city . . . .").  "[I]n a federal court, state notice-of-claim statutes apply to state-law claims."  *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (citations and emphasis omitted).  As such, "[f]ederal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice[-] of[-]claim requirement, or to grant permission to file a late notice."  *Greenland*, 2020 WL 4505507, at *6 (quoting *Gibson v. Comm'r of Mental Health*, No. 04-CV-4350, 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006) (footnote omitted)).  Further, "the burden is on [the p]laintiff to demonstrate compliance with the notice[-]of[-]claim requirements" at the pleading stage.  *Peritz v. Nassau Cnty. Bd. of Coop. Educ. Servs.*, No. 16-CV-5478, 2019 WL 2410816, at *4 (E.D.N.Y. June 7, 2019) (citations omitted); *see also Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390 (E.D.N.Y. 2013) ("To survive a motion to dismiss, a plaintiff must affirmatively plead that a notice[-]of[-]claim was filed." (citing, inter alia, N.Y. Gen. Mun. Law § 50-i(1)(b))).  "The notice[-]of[-]claim requirements are strictly construed, and a plaintiff's 'failure to comply with the mandatory New York statutory notice-of-claim requirements generally results in dismissal of

15

his claims.'" *Smith v. City of New York*, No. 04-CV-3286, 2010 WL 3397683, at *15 (S.D.N.Y.

Aug. 27, 2010) (citation omitted).  Because Plaintiff failed to affirmatively plead that he filed a

notice[-]of[-]claim with respect to any state law claims, those claims are dismissed.  *See El v.*

*City of New York*, No. 14-CV-9055, 2015 WL 1873099, at *8 (S.D.N.Y. Apr. 23, 2015) ("Absent

a showing of such a notice[-]of[-]claim, the complaint may be dismissed for failure to state a

cause of action." (citation and quotation marks omitted)); *Naples*, 972 F. Supp. 2d at

390 (dismissing state law claims against municipality where "the [a]mended [c]omplaint is void

of any allegation that a notice[-]of[-]claim was filed prior to the commencement of [the] action"

(footnotes omitted)).

### III.  Conclusion

For the foregoing reasons, Defendants' Motion is granted.  Specifically, the Court

converts the Motion into a Motion for Summary Judgment on the issue of exhaustion and grants

judgment in Defendants' favor.  Although this is the first adjudication of Plaintiff's claims,

Plaintiff was notified of the consequences of conversion and the chance judgment could be

entered for Defendants without a trial.  (*See* Not. to Pro Se Litigant.)  The Clerk of Court is

therefore respectfully directed to terminate the Motion, (Dkt. No. 18), close the case, and mail a

copy of this Opinion & Order to Plaintiff.

SO ORDERED.

Dated:    September 25, 2024
          White Plains, New York

                                                    _____
                                                        KENNETH M. KARAS
                                                       United States District Judge